CITY OF ST. PAUL v. CATHLEEN MULNIX.

232 N. W. 2d 206.

July 3, 1975—No. 45165.

*Mark Reinhardt*, Legal Assistance of Ramsey County, for appellant.

*R. Scott Davies*, City Attorney, and *Philip B. Byrne* and *James E. Finley*, Assistant City Attorneys, for respondent.

PER CURIAM.

Defendant was found guilty by the trial court, sitting without a jury, of a charge of disorderly conduct and sentenced to a fine of $75 or 5 days in jail. St. Paul Legislative Code, § 438.02. Defendant contends upon this appeal from judgment of conviction that the conviction should be reversed because the ordinance in question is both unconstitutional on its face and unconstitutional as applied to her.[1] We affirm.

Late in the afternoon on March 26, 1974, defendant entered Danny's Bar in downtown St. Paul and asked Judith A. Kaufman, who was tending bar, whether the bar served minors. When Kaufman responded that it did not, defendant stated, "You are serving a mother f——— minor and when I find her I'm going to kick her ass because she's going with my old man." Kaufman immediately asked defendant to leave, and defendant did.

Later that evening while working as a waitress in the G & M Bar, which is under the same ownership as Danny's, Kaufman saw defendant standing in the doorway which connects the G & M to Danny's. Because of her experience with defendant that afternoon, Kaufman told the bartender at Danny's, Marvin Hefta, that she had previously asked defendant to leave. Hefta then called over two police officers, who routinely stopped at the

---

[1] The court stayed imposition of sentence pending the outcome of this appeal. The court also found defendant guilty of assaulting one of the two officers who arrested her and sentenced her to 21 days in jail (with 14 suspended) for that offense. That conviction is not an issue on this appeal.

two bars as they walked their beat, and asked them to eject her, saying that she had been asked to leave earlier. As the two walked defendant out the back door, apparently of the G & M Bar, she insisted that she had a right to be there and that she was not going to leave. One of the officers explained that she could not come in again.

A short time later defendant reentered through the same door. Kaufman approached her and, not wanting a hassle, told her to leave for her own good. Defendant responded in a loud shout or scream that she was going to wait for Kaufman after work and "kick her f——— ass all over town." Kaufman asked an officer to remove defendant again and stated that she would sign a citizen's arrest form.

Once defendant was outside, the events forming the factual basis for the assault conviction occurred, defendant kicking one of the officers several times. Outside she also screamed obscenities and went limp so that the officers had to drag her to a nearby police car quickly in order to get away from a gathering crowd of people who were beginning to cause difficulty for the officers.

St. Paul Legislative Code, § 438.02, reads as follows:

"No person shall make, aid or countenance, or assist in making any noise, riot, disturbance or improper diversion, to the annoyance or disturbance of the citizens, or other persons in said city; nor collect in bodies or crowds in any street or public place in said city, so as to obstruct public travel thereon."

The City of St. Paul v. Morris, 258 Minn. 467, 104 N. W. 2d 902 (1960), certiorari denied, 365 U. S. 815, 81 S. Ct. 696, 5 L. ed. 2d 693 (1961), we held that this ordinance was "sufficiently certain to meet objections on constitutional grounds."

Subsequent decisions of the United States Supreme Court have dealt with the issue of vagueness and overbreadth of disorderly conduct statutes and ordinances. Grayned v. City of Rockford, 408 U. S. 104, 92 S. Ct. 2294, 33 L. ed. 2d 222 (1972) ; Gooding v. Wilson, 405 U. S. 518, 92 S. Ct. 1103, 31 L. ed. 2d 408 (1972);

Gregory v. Chicago, 394 U. S. 111, 89 S. Ct. 946, 22 L. ed. 2d 134 (1969). These cases suggest to us that the contested ordinance is the type which the United States Supreme Court might strike down as facially vague and overbroad absent some limiting and clarifying interpretation by this court.

However, we believe that, as properly interpreted, the ordinance is not constitutionally defective on its face. First, we think it is clear that the ordinance is essentially an antinoise ordinance which is not designed to be used to prosecute a person for exercising his First Amendment rights. As we said in State v. Hipp, 298 Minn. 81, 213 N. W. 2d 610 (1973), in which we upheld the unlawful assembly statute (Minn. St. 609.705[3]) against a similar challenge, the ordinance is applicable only to criminal conduct or activities such as "fighting words," and not to activities that are constitutionally protected.

Second, we hold that the prohibition in the ordinance may be applied only to conduct that actually disturbs (see, *The Minnesota Supreme Court* 1959-1960, 45 Minn. L. Rev. 123, 137, 146, n. 45; State v. Hipp, *supra*), and therefore the ordinance avoids the problems which the Supreme Court has said are presented by a "tendency-to-disturb" standard. See, Grayned v. City of Rockford, *supra*.

Third, the ordinance as properly interpreted prohibits only "noise, riot, disturbance or improper diversion" that unreasonably interfere with the right of others to use peacefully their property or public facilities without disturbance. As to the importance of this interpretation, see Grayned v. City of Rockford, *supra*, and State v. Hipp, *supra*.

Although the ordinance is out of date and badly in need of revision,[2] we do not believe that as interpreted in this opinion it is constitutionally defective on its face. Nor do we believe that it

---

[2] We encourage its revision. For a discussion of elements that legislative bodies might wish to consider in revising disorderly conduct laws, see A. L. I., Model Penal Code, Tentative Draft No. 13, § 250.1, and comments.

is unconstitutional in its application to defendant whose disorderly conduct consisted of shouting and screaming, of using "fighting words," and of conduct which was clearly disturbing.
Affirmed.